UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. RUSSO,<br><br>    Plaintiff,<br><br>  v.<br><br>NETWORK SOLUTIONS, INC., *et al.*,<br><br>    Defendants.<br>_____/ | No. C-07-3401 MMC (EMC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S INITIAL DISCLOSURES AND GRANTING DEFENDANTS' MOTION FOR MONETARY SANCTIONS;**<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION RE DEFENDANTS' MOTION FOR PRECLUSION SANCTIONS**<br><br>**(Docket Nos. 26, 29)** |

    Defendants Info Avenue Internet Services LLP (d/b/a Spirit Telecom, LLC) and IARegistry have moved the Court to compel Plaintiff John A. Russo to provide initial disclosures in accordance with Federal Rule of Civil Procedure 26(a). Defendants have also moved the Court for sanctions based on Mr. Russo's failure to provide initial disclosures. Mr. Russo did not file an opposition to either the motion to compel or the motion for sanctions, even after notified by the Court that it had not received any opposition. In addition, Mr. Russo failed to make an appearance at the hearing on the motions. Having considered Defendants' briefs and accompanying submissions, the oral argument of defense counsel, Mr. Russo's failure to file any opposition and failure to appear at the hearing, and all other evidence of record, the Court hereby **GRANTS** the motion to compel and further **GRANTS** Defendants' request for monetary sanctions. The Court also recommends that the presiding judge also award preclusion sanctions in favor of Defendants.

## I. DISCUSSION

A. Motion to Compel

As noted above, at issue with Defendants' motion to compel is Mr. Russo's failure to provide initial disclosures as required by Rule 26(a). Defendants provided competent evidence that no such disclosures were made by Mr. Russo. Because Mr. Russo failed to oppose the motion and because there is no evidence that Mr. Russo did in fact make his initial disclosures, the motion to compel is granted.

B. Motion for Sanctions

Based on Mr. Russo's failure to provide initial disclosures, Defendants ask for both monetary and preclusion sanctions.

Under Federal Rule of Civil Procedure 37(c),

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorneys' fees, caused by the failure . . . .

Fed. R. Civ. P. 37(c)(1)(A)

1. Monetary Sanctions

As noted above, Rule 37(c) authorizes an award of attorney's fees as a monetary sanction. The Court finds that this sanction is appropriate. Mr. Russo has provided no excuse or reason for his failure to provide timely initial disclosures as required by Rule 26(a) as well as the Court's order setting initial Case Management Conference. Defendants would not have incurred any attorney's fees if Mr. Russo had provided his initial disclosures as required by Rule 26(a).

Defendants seek attorney's fees in the amount of $4,237.50. *See* Carlson Reply Decl. ¶ 5. This fee was calculated based on (1) the 9 hours defense counsel spent on the moving papers, *see* Carlson Decl. ¶ 18; (2) the 2.5 hours defense counsel spent on the reply brief, *see* Carlson Reply Decl. ¶ 5; and (3) the 2 hours defense counsel "anticipate[d] spending . . . in connection with the hearing on this matter." Carlson Reply Decl. ¶ 5.

The Court finds $4,237.50 reasonable for fees incurred in connection with the two motions. The hourly rates for defense counsel are reasonable in light of their experience. Defendants are entitled to fees for the time defense counsel spent on the moving papers and reply brief, and in preparing for and attending the hearing. The time spent was not unreasonable.

2.  Preclusion Sanctions

Defendants also seek the preclusion sanctions provided for by Rule 37(c). A preclusion sanction is proper under the rule unless the failure to provide the discovery was substantially justified or is harmless. "It is the burden of the party facing sanctions to show that the failure to comply was either substantially justified or harmless." *Carr v. Deeds*, 453 F.3d 593, 602 (4th Cir. 2006); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."). Clearly, because Mr. Russo failed to file an opposition to the request for preclusion sanctions, and further failed to make an appearance at the hearing, he has failed to meet this burden.

Moreover, the evidence of record indicates that the failure to provide initial disclosures was not substantially justified. This case was initiated by Mr. Russo on June 28, 2007. Six months have now passed and still there have been no initial disclosures, despite the requirements of Rule 26(a) and the Court order setting the initial Case Management Conference. Defendants filed their motion to compel initial disclosures on October 30, 2007. Mr. Russo could have provided initial disclosures within the intervening two months but failed to do so. In their reply brief, filed on December 19, 2007, Defendants reiterated that initial disclosures still had not been provided, but again Mr. Russo made no effort to do anything within the past several weeks. Although Mr. Russo's counsel appeared at the Case Management Conference on January 4, 2008, she took no effort to respond to the instant motion or appear at the hearing herein.

Finally, Mr. Russo's failure to provide initial disclosures cannot be deemed harmless. The importance of initial disclosures is manifest in Rule 26(a). Initial disclosures provide early guidance to the course and scope of discovery, path of litigation (*e.g.*, informing the appropriateness of possible motions), and settlement discussions.

Accordingly, the Court concludes that a preclusion sanction in accordance with Rule 37(c)(1) is appropriate -- that is, Mr. Russo should be barred in this litigation from using any evidence that would have been part of the initial disclosures had Rule 26(a) been complied with. Because this sanction will likely resolve the case on the merits against Mr. Russo, *i.e.*, the sanction may be dispositive, the Court hereby issues a report and recommendation rather than an order.

## II. CONCLUSION & RECOMMENDATION

For the foregoing reasons, the Court grants Defendants' motion to compel and for monetary sanctions in the amount of $4,237.50. The Court further recommends that Defendants' request for a preclusion sanction be granted. Any party may file objections to this report and recommendation regarding preclusion sanctions with the district judge within ten days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.

This order disposes of Docket Nos. 26 and 29.

IT IS SO ORDERED.

Dated: January 10, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

4