UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN A. RUSSO,

    Plaintiff,

v.

NETWORK SOLUTIONS, INC., *et al.*,

    Defendants.

_____/

No. C-07-3401 MMC (EMC)

**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS; AND GRANTING DEFENDANTS' MOTION FOR SANCTIONS**

**(Docket No. 47)**

Defendants Info Avenue Internet Services LLP (d/b/a Spirit Telecom, LLC) and IARegistry have moved the Court to compel Plaintiff John A. Russo to provide responses to interrogatories and requests for production of documents. The hearing was noticed for February 6, 2008, but no opposition was filed, pursuant to the Civil Local Rules, by January 16, 2008, *see* Civ. L.R. 7-3(a) ("Any opposition to a motion must be served and filed not less than 21 days before the hearing date."), nor has the Court received any opposition since then. The Court therefore vacated the hearing on the motion. Having reviewed the papers that have been filed (*i.e.*, Defendants' motion and accompanying submissions), and good cause appearing therefor, the Court hereby **GRANTS** the motion to compel and the request for monetary sanctions.

**I.   DISCUSSION**

A.   Motion to Compel

As noted above, at issue with Defendants' motion to compel is Mr. Russo's failure to provide responses to interrogatories and document requests. Defendants have provided competent evidence

that they propounded this discovery on November 6, 2007, *see* Carlson Decl., Exs. A-D, and that no timely responses were provided by Mr. Russo. *See* Carlson Decl., Ex. E. Because Mr. Russo failed to oppose the motion and because there is no evidence that Mr. Russo ever provided responses to the discovery requests at any point, the motion to compel is granted. Mr. Russo must provide responses within two weeks of the date of this order. In his responses, Mr. Russo has waived any objections except for relevance or overbreadth.

B.  Motion for Sanctions

Based on Mr. Russo's failure to respond to the discovery propounded, Defendants ask for monetary sanctions.

Under Federal Rule of Civil Procedure 37(d),

> [t]he court where the action is pending may, on motion, order sanctions if:
>
> . . . .
>
> (ii)  a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

Fed. R. Civ. P. 37(d)(1)(A). The court may issue any of the sanctions provided for in Rule 37(b)(2)(A)(i)-(vi) or, "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by that failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

In this case, monetary sanctions are appropriate. Mr. Russo has made no effort to justify his failure to respond to the discovery propounded, and there are no circumstances of which the Court is aware that would make an award of expenses unjust. Indeed, taking into account Mr. Russo's previous failure to provide discovery (*i.e.*, initial disclosures), which was the subject of another motion to compel filed by Defendants, an award of expenses seems more than fair.

The only question remaining for the Court is whether the expenses requested by Defendants -- *i.e.*, $1,725 in attorney's fees -- is reasonable. *See* Carlson Decl. ¶ 10. This fee was calculated based on the six hours defense counsel spent on the moving papers. Carlson Decl. ¶ 10. The Court

1  finds that the time spent was not unreasonable and further that the hourly rates for defense counsel
2  are reasonable in light of their experience. Accordingly, the Court grants Defendants' request for
3  fees in the amount of $1,725.
4  C.  Request for Dismissal
5  Finally, Defendants ask, as an "alternative to an order compelling discovery," for a dismissal
6  from the lawsuit. Mot. at 5. Defendants seek this relief largely on the basis that Mr. Russo failed to
7  comply with the order compelling initial disclosures by October 19, 2007. However, the presiding
8  judge has already issued preclusion sanctions based on the failure to provide initial disclosures.
9  Accordingly, the Court does not recommend to the presiding judge that further sanctions in the form
10 of a dismissal be awarded. However, should Mr. Russo fail to comply with *this* discovery order --
11 *i.e.*, fail to provide the discovery requested by Defendants -- then Defendants may, if they so wish,
12 move for dismissal or other sanctions. Mr. Russo is forewarned that the Court would look favorably
13 upon such a motion if he violates this Order.

## II. CONCLUSION

15 For the foregoing reasons, the Court grants Defendants' motion to compel and for monetary
16 sanctions in the amount of $1,725.
17 This order disposes of Docket No. 47

19 IT IS SO ORDERED.

21 Dated: January 31, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge