United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. RUSSO, | No. C-07-3401 MMC (EMC) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT eNOM'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION; GRANTING DEFENDANT eNOM'S MOTION FOR SANCTIONS; AND VACATING HEARING** |
| NETWORK SOLUTIONS, INC., *et al.*, | |
| Defendants. | |
| _____/ | **(Docket Nos. 64-65)** |

Defendant eNom, Inc. has moved the Court to compel Plaintiff John A. Russo to provide responses to interrogatories and requests for production and to sanction Mr. Russo for his failure to provide the requested discovery. The hearing was noticed for April 4, 2008, but no opposition was filed in accordance with the Civil Local Rules. *See* Civ. L.R. 7-3(a) ("Any opposition to a motion must be served and filed not less than 21 days before the hearing date."). Having reviewed the papers that have been filed (*i.e.*, eNom's motion and accompanying submissions), and good cause appearing therefor, the Court hereby **GRANTS** the motion to compel and the request for monetary sanctions.

**I.   DISCUSSION**

A.   Motion to Compel

As noted above, at issue with eNom's motion to compel is Mr. Russo's failure to provide responses to interrogatories and document requests. eNom has provided competent evidence that it propounded this discovery on October 19, 2007, *see* Doran Decl., Ex. C-E, and that no responses were provided by Mr. Russo. *See* Doran Decl. ¶ 12. Because Mr. Russo has failed to oppose the

motion and because there is no evidence that Mr. Russo ever provided responses to the discovery requests at any point, the motion to compel is granted.  Mr. Russo must provide responses within two weeks of the date of this order.  In his responses, Mr. Russo has waived any objections.

B.      Motion for Sanctions

Based on Mr. Russo's failure to respond to the discovery propounded, eNom asks for monetary sanctions.

Under Federal Rule of Civil Procedure 37(d),

> [t]he court where the action is pending may, on motion, order sanctions if:
>
> . . . .
>
> (ii)    a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

Fed. R. Civ. P. 37(d)(1)(A).  The court may issue any of the sanctions provided for in Rule 37(b)(2)(A)(i)-(vi) or, "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by that failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

In this case, monetary sanctions are appropriate.  Mr. Russo has made no effort to justify his failure to respond to the discovery propounded, and there are no circumstances of which the Court is aware that would make an award of expenses unjust.  Indeed, the Court takes note that Mr. Russo has engaged in the same unjustifiable behavior with respect to discovery propounded by a different defendant in the case.

The only question remaining for the Court is whether the expenses requested by eNom -- *i.e.*, $2,662 in attorney's fees -- is reasonable.  *See* Carlson Decl. ¶ 10.  This fee was calculated based on the 10.5 hours defense counsel spent on the moving papers.  Carlson Decl. ¶ 10.  While the time spent was not unreasonable, defense counsel has not explained why the hourly rates requested are reasonable (*e.g.*, appropriate in light of the attorneys' experience).  Accordingly, the Court shall grant eNom's request for fees but limits the award to $2,000.

## II. CONCLUSION

For the foregoing reasons, the Court grants eNom's motion to compel and for monetary sanctions in the amount of $2,000.

The hearing on the motions is hereby **VACATED**.

This order disposes of Docket Nos. 64 and 65.

IT IS SO ORDERED.

Dated: March 21, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge