IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN A. RUSSO, an individual,

    Plaintiff,

  v.

NETWORK SOLUTIONS, INC., et al.,

    Defendants.

                          /

No. C 07-3401 MMC

**ORDER GRANTING IN PART DEFENDANT NETWORK SOLUTIONS, INC.'S MOTION TO DISMISS; AFFORDING PLAINTIFF OPPORTUNITY TO RESPOND TO DEFENDANT ENOM'S MOTION TO DISMISS; VACATING HEARING**

      Before the Court is the motion filed March 14, 2008 by defendant Network Solutions, Inc. ("NSI") to dismiss the instant action pursuant to Rules 12(b)(3), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. No opposition has been filed.[1]

      Having read and considered the papers filed in support of the motion, the Court hereby VACATES the April 18, 2008 hearing on the matter, and, for the reasons stated by NSI with respect to dismissal pursuant to Rule 12(b)(3), (see NSI's Mot. to Dismiss at 2:11-

---

[1] On April 3, 2008, defendant eNOM, Inc. ("eNOM") filed a "Response to Network Solution, Inc.'s Motion to Dismiss," which filing is, in essence, eNOM's own motion to dismiss, based on the theory that the Agreement's forum selection clause applies to eNOM, a successor domain name registrar, as well. (See Def. eNOM's Resp. at 2:23-3:17.) Because such motion was filed as a "response" to NSI's motion to dismiss, and, moreover, was filed subsequent to the deadline for plaintiff to file opposition, plaintiff has not had the opportunity to respond to such argument. Accordingly, the Court hereby affords plaintiff the opportunity to file opposition, no later than April 25, 2008, to eNOM's motion to dismiss.

20, 7:25-9:9; Decl. of M. Linda Nguyen Ex. 1), finds the forum selection clause contained in the "Domain Name Registration Agreement" ("Agreement"), the veracity and application of which agreement and clause plaintiff does not contest, requires that the above-titled action be brought in the first instance exclusively in the United States District Court for the Eastern District of Virginia.[2]

Accordingly, NSI's motion to dismiss is hereby GRANTED to the extent NSI seeks dismissal pursuant to Rule 12(b)(3), and plaintiff's claims against NSI are hereby DISMISSED without prejudice to plaintiff's refiling such claims in an appropriate forum.[3]

**IT IS SO ORDERED**.

Dated: April 10, 2008

MAXINE M. CHESNEY
United States District Judge

---

[2] In light of such finding, the Court does not address NSI's motion to the extent such motion is based on Rules 12(b)(5) and 12(b)(6).

[3] To the extent NSI's motion includes a request for dismissal with prejudice as a sanction pursuant to Rule 41(b), said request is DENIED. See Civil L.R. 7-8.

2