IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN A. RUSSO, an individual,

    Plaintiff,

  v.

NETWORK SOLUTIONS, INC., et al.,

    Defendants.

No. C 07-3401 MMC

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT NAMEVIEW, INC.; VACATING HEARING**

    Before the Court is plaintiff's Motion for Default Judgment Against Defendant Nameview, Inc.("Nameview"), filed April 25, 2008.  Having read and considered the papers filed in support of plaintiff's motion,[1] the Court finds the matter suitable for decision thereon, hereby VACATES the hearing scheduled for May 30, 2008, and rules as follows.

    In his complaint, plaintiff alleges he owns and possesses title and exclusive rights to the Internet domain name "print.com," (see Compl. ¶ 23), which title and rights plaintiff alleges were misappropriated by defendants, (see id. ¶ 24).  In particular, plaintiff alleges that, on or about January 2, 2004, the above-referenced domain name was fraudulently transferred to an account for which defendant Domain Deluxe was listed as the billing contact, (see id. ¶ 33), and thereafter, on or about March 22, 2004, the domain name was transferred to defendant IARegistry and "was placed in a Domain Deluxe account," (see id. ¶ 34).

---

[1] Nameview has not appeared herein, nor has it filed opposition.

1    With respect to defendant Nameview, plaintiff alleges said defendant was the
2  registrar of the domain name "print.com" as of October 16, 2006.  (See id. ¶ 13.)  In his
3  complaint, plaintiff asserts the following causes of action against Nameview: (1) trademark
4  infringement; (2) interference with prospective economic advantage; (3) interference with
5  prospective business interests; (4) declaratory and injunctive relief; (5) constructive trust.
6  In the instant motion, however, plaintiff clarifies that he is proceeding solely on his claim
7  that Nameview holds the domain name in constructive trust on behalf of plaintiff, (see Mot.
8  at 6:18-24);[2] he seeks injunctive relief, specifically, the transfer of the domain name from
9  Nameview to plaintiff, (see id. at 3:17-20).

10   Plaintiff's theory of relief against Nameview, as presented by the instant motion is
11 wholly derivative of plaintiff's claims against Domain Deluxe.  Because Domain Deluxe has
12 not yet appeared in the action,[3] much less been found liable, plaintiff's motion for default
13 judgment is premature.  See, e.g., Harrell v. DCS Equipment Leasing Corp., 951 F.2d
14 1453, 1458-59 (5th Cir. 1992) (holding, where default judgment had been entered against
15 corporation based on vicarious liability for actions of corporate officer, and officer
16 subsequently found not liable, default judgment against corporation properly set aside).

17   Accordingly, the motion is hereby DENIED without prejudice to plaintiff's renoticing
18 such motion or filing an amended motion after the liability of Domain Deluxe is determined.

19 **IT IS SO ORDERED**.

20 Dated: May 27, 2008

MAXINE M. CHESNEY
United States District Judge

---

[2] Consistent therewith, plaintiff's complaint includes no allegation as to how the domain name was transferred to Nameview, or that Nameview had actual notice that any preceding transfer was fraudulent.  (Cf. Compl. ¶¶ 35, 36 (alleging defendants Network Solutions, Inc., eNom, Inc., and IARegistry were "given actual notice of the fraudulent transfer of the domain name").)

[3] To date, Domain Deluxe has not been served; by order issued concurrently herewith, the Court has granted plaintiff leave to effect alternate service on Domain Deluxe.